C. A. Tarbell and Lottie C. Sallman v. S. R. T. Smith, et al., Appellants.

**Wills:** contingent remainder. Where a will indicates an intention 1 that the primary devisee shall take the fee on the death of the testator, coupled with a devise over in case of his death without issue, reference is had to his death without issue during the life · of testator, and where the primary devisee survives the testator, he takes the absolute estate in fee.

**Repugnancy.** Where a devise, absolute in terms is made, an inde-2 pendent provision attempting to dispose of the property after the death of the devisee, is void for repugnancy.

*Appeal from Wayne District Court.*— Hon. H. M. Towner, Judge.

Tuesday, October 25, 1904.

The plaintiffs are respectively the surviving widow and the sole surviving child of E. E. Tarbell, who died seised of certain real estate, and they allege that by the provisions of the will of said deceased they are vested with the complete title to said real estate, the widow having a life estate and the daughter the remainder in fee, and they ask that their title be quieted as against the defendants, who are the sister, mother, and other relatives of the deceased. A decree was rendered in favor of plaintiffs, quieting the title in them, and the defendants appeal.— *Affirmed.*

*Miles & Steele,* for appellants.

*Livingston & Son,* for appellees.

McClain, J.— The only claim of the defendants, or any of them, to any interest in the real estate in controversy, arises out of the construction of the will of E. E. Tarbell, by one provision of which the real estate in controversy was devised " to my beloved wife * * * during the term of her natural life, or so long as she remains my widow, and after her death to go to my daughter, Lottie C. Tarbell, and at her death, if she has no heirs, then said estate, or so much of it as may be left, to be equally divided amongst my heirs." The Lottie C. Tarbell named in the will is the Lottie C. Sallman who is one of the plaintiffs. Defendant's claim to an interest in the property under this provision of the will is that the daughter was given only a life estate in remainder after the termination of the widow's life estate, and that there is a contingent remainder over to those who, if the daughter had died without heirs before the death of the testator, would then have been his heirs. To this claim there are two answers. It is well settled that where the terms of a will indicate an intention that the primary devisee shall take the fee on the death of the testator, coupled with a devise over in case of his death without issue, the words refer to a death without issue during the lifetime of the testator, and the primary devisee surviving the testator takes an absolute estate in fee simple. This rule of construction is adopted in order to avoid repugnancy, and because the law favors the vesting of estates at the earliest possible period in the absence of a clear manifestation of the intention of the testator to the contrary. *Collins v. Collins,* 116 Iowa, 703; *Fowler v. Duhme,* 143 Ind. 248 (42 N. E. Rep. 623). We must presume, therefore, that the language of the clause of the will already quoted, which refers to the disposition of the property in the event of the daughter's death, had reference to the contingency of her death before the death of the testator, and, inasmuch as she has survived the testator, her right to the

1. CONTINGENT: remainder.

remainder after the termination of the widow's life estate has become absolute.

The other answer to the claims of appellants is that by the language of the will already quoted an absolute and fee-simple estate in the remainder after the termination of the widow's life estate is devised to the daughter, and any provision with reference to the disposition to be made of the property after her death is void for repugnancy. It is unnecessary at this time to review the decisions of this court with reference to the effect of such repugnant provisions. We have recently held in the case of *Meyer v. Weiler*, 121 Iowa, 51, that where a devise absolute in terms is followed by an independent provision as to the disposition of the property after the death of the devisee, the absolute devise will be given effect, and the inconsistent subsequent provision will be disregarded. In that case the previous decisions of the court are reviewed, and there is no occasion to further refer to them in the present case. If it be conceded that the testator attempted to provide what distribution should be made of the property in controversy on the death of his daughter after she had become vested with the remainder on his death, then such attempted provision can be given no effect, for it is clearly his intent that the daughter shall, on his death, become vested in fee with the remainder after the widow's life estate. It is to be noticed that it is only so much of the property as may be left on the death of the daughter which, under the construction contended for by appellant, is to be divided among the testator's heirs, and it is clearly implied that the daughter is to have the sole and unlimited power of disposal of the remainder after the life estate. That the testator cannot give an absolute and unlimited estate with full power of disposal to one devisee, and then make direction as to the disposition of the devised property on the death of such devisee, is now so well settled in this State that further discussion is unnecessary.

The decree of the lower court is *affirmed.*