In re Estate of George W. Glandon.

No. 42751.

April 2, 1935.

Clifford Powell, for appellant Almeda J. Conklin.

R. J. Swanson and W. C. Ratcliff, for cross-appellant and appellee Minnie Elva Klepinger.

Paul W. Richards, for appellee W. R. Chabot.

Hysham & Billings, for appellee W. J. Roberts, executor.

ALBERT, J.—So far as this appeal is concerned, the major question discussed turns upon the construction of the will of said Glandon.

The first item of this will provides for the payment of expenses of his last illness and funeral. The second item reads as follows:

"I will and direct that all tax and mortgage liens owing by me at the time of my decease on the land described in this Item be paid from the property of my estate, and to Almeda J. Conklin, niece of my wife, Amanda L. Glandon, now deceased, I will, devise and bequeath all the use, income and rents arising after my death and during her natural life from the North Half of the Northeast Quarter (N½ NE¼) of Section Twenty (20), Township Seventy-one (71), Range Thirty-nine (39), West of the 5th P. M., in Montgomery County and State of Iowa, and subject to the above life estate, to the children of the body of said Almeda J. Conklin I will, devise and bequeath said real estate above described in this item."

Item 3 is as follows:

"To Minnie Elva Klepinger I will, devise and bequeath the following described premises situated in the County of Montgomery and State of Iowa, to wit:—The Northwest Quarter (NW¼) and the Southwest Quarter of the Northeast Quarter (SW¼ NE¼), all being in Section Twenty-one (21), Township Seventy-one (71) North; Range Thirty-nine (39), West of the 5th P. M., containing two hundred acres more or less, according to government survey, subject, however, to all tax and mortgage liens thereon at the time of my decease, which, if any, are to be assumed and paid by said Minnie Elva Klepinger, legatee; also all of my window shades, curtains, carpets, rugs, portiers, linoleum, dishes, piano, furniture and household goods not hereinafter bequeathed."

In item 4 a mahogany bedroom suite, with bedding, was devised and bequeathed to Beulah A. England.

Item 5 recites that, subject to all the bequests and provisions set forth in the four items above, he devised and bequeathed the sum of $1,000, and the automobile, to Lucilla Smith.

In item 6, subject to all bequests and provisions set forth in the five items above, he orders that the balance, residue, and remainder of his property, both real, personal, and mixed, be converted into money and divided into four parts; and he then makes disposition of these four parts of the said proceeds.

The real bone of contention between these parties arises by reason of the provisions of item 2 and item 3 above set out.

This will was dated April 2, 1931, and Glandon died on the 15th of August, 1931. At the time of his death, he owned farm lands aggregating 572 acres, on which there was incumbrance of $29,100. This land has all been disposed of except the 80 acres referred to in item 2 of the will and the 120 acres referred to in item 3. There are unpaid claims against the estate amounting to over $2,000, aside from the mortgage of $4,194 on the 80 acres referred to in item 2. There is approximately $1,600 in cash on hand in the hands of the executor. This application by the executor is for authority to sell the land covered by items 2 and 3 of the will.

Minnie Elva Klepinger files a resistance to the petition of the executor, in which she insists, among other things, that item 3 of the will is not junior and inferior to item 2, or to any other item or provision of the will, and that none of the property described in items 2, 3, or 4 is subject to the payment of the mortgage and taxes described in item 2 of the will; and, further, that the property described in item 3 cannot be charged with the payment of general debts and costs of administration of the estate. She asks that the application for sale be denied and that the court fix and determine the *pro rata* share of the debts of said estate to be borne by the property described in item 3 of the will, and that she be given an opportunity to pay her *pro rata* share, thus fixed by the court, to the executor of the estate. Other legatees filed resistance. Certain parts of the record were stipulated and testimony was introduced as to the market value of the respective tracts of land covered by items 2 and 3.

Briefly stated, the record shows that Almeda J. Conklin, the beneficiary under item 2 of the will, is a widow sixty-one years of age and has four minor children. She was a niece of Mrs. Glandon (the wife of the deceased) and lived in the Glandon home from the time she was nine years of age until she was 29, when she was married. She performed the housework and received no compensation except clothes, board, and schooling. Minnie Elva Klepinger

is 46 years of age. She came into the Glandon family when 3 years of age, and remained until she married at the age of 20. She was not related to the Glandons, but was legally adopted in 1889 or 1891.

Of the 200-acre tract disposed of by item 3, at the time of the death of Glandon, the north 80 had a $6,000 mortgage on it, which was foreclosed, leaving only 120 acres that are affected by this proceedings.

The court held that the land should all be sold, and that from the proceeds thereof, whatever was necessary to the settlement of the Glandon estate should be contributed by the 80-acre tract covered by item 2 and the 120-acre tract covered by item 3, in the proportion of 3/7 to 4/7, respectively.

The contention of Almeda J. Conklin at this point is, first, that the 80-acre tract of land passed to her free from the mortgage and taxes referred to, and that in fact the 120-acre tract should bear all the burden of paying the deficiency necessary to settle this estate. The contention of Minnie E. Klepinger is that the 80 acres covered by item 2 of the will should be taken by Almeda J. Conklin subject to the mortgage resting against the same, and that the amount necessary to pay said mortgage should not be considered as a claim against the estate, because the same was not filed as a claim by the mortgagor.

It is apparent that the determination of this question must rest wholly on the construction to be put upon the various items in this will as a whole.

It is too well settled in this state to require citation of authority that the primary rule in the construction of a will is to determine what was the intention of the testator. It is also well settled that the position of the various items in the will is not controlling, because the instrument must be considered and construed as a whole. Mapes v. Rose, 187 Iowa 289, 174 N. W. 235. With these rules in view, we turn to the terms of the will.

The two items in controversy are quite clear and specific. It is quite apparent that, under item 2, the intention of the testator was that Almeda J. Conklin and the children of her body were to take this land free from the mortgage incumbrance and taxes. It is equally clear, under item 3 of the will, that as to the land there devised to Minnie Elva Klepinger, she was to pay all taxes and mortgage liens thereon at the time of the decease of Glandon.

Neither item is made subject to the other and we can reach no other conclusion than that they stand on equal footings. The fact that one item precedes the other is in no way controlling, and we cannot hold that the deceased intended that one should be prior to the other. As to the Conklin 80, the deceased undoubtedly intended that the mortgage (it being conceded that there are no taxes due against the property) was to be paid out of the property of the estate of Glandon. But we have this situation before us: That, aside from the personal property on hand, there is not enough property left in the estate (aside from the lands described in items 2 and 3) to pay the debts of the estate.

■ It is insisted by the objector that the $4,194 mortgage cannot be treated as a claim against the estate because the mortgagee did not file such a claim. We think this is wholly beside the issue, because there is a specific direction in the will that the executor shall pay said claim and, under such circumstances, we do not think that the filing of a claim by the mortgagee is necessary.

■ Of course, it is conceded by both parties that the devises in items 2 and 3 to the respective parties are specific devises, and it is equally conceded that they cannot be impinged on until all other property of the estate has been exhausted. This is shown to be the condition in this case and, if the estate is to be settled in full, recourse must be had to these respective tracts of land. This is practically conceded by both sides in the case. The question is, What proportionate share should be paid by the respective beneficiaries under items 2 and 3 to save this property to them; or, if they do not care to make up the deficiency, then what proportionate share should be charged against each tract of land? We think that the $4,194 mortgage must, therefore, be considered as a part of the liabilities of this estate, and that both tracts of land should proportionately share in making up the deficiency necessary to settle this estate. More than this, we think that the conclusion of the court was right by reason of section 11859 of the Code, which reads as follows:

"All claims which it becomes necessary to satisfy, and all amounts necessary to be paid from the estate of a testator in disregard of or in opposition to the provisions of a will, shall be taken ratably from the interests of heirs, devisees, and legatees."

We therefore conclude that the holding of the district court in this respect was correct.

Evidence was introduced in the case as to the values of these respective tracts, and the court found that the land covered by item 2 was of reasonable value of $90 per acre, and the land described in item 3 was of reasonable value of $80 per acre; and held that the Conklin 80 should bear 3/7 (9/21) of this amount, and the Klepinger 120 should bear 4/7 (12/21) of the amount necessary to settle this estate.

We have reviewed the evidence and conclude that the estimated value of the respective pieces of land, as determined by the court, is correct; and that the proportionate share charged against each tract of land, as determined by the court, is right.—Affirmed.

ANDERSON, C. J., and DONEGAN, PARSONS, HAMILTON, and POWERS, JJ., concur.