E. J. KNOX, Administrator, Appellant, v. ARCHIE GRAY et al., Appellees.

No. 45584.

October 14, 1941.

Devitt, Eichhorn & Devitt and Wagner & Yoder, for appellant.

Jones & White, for appellees.

Sager, J.—On October 5, 1910, W. H. Gray made a will, the material parts of which, for the purpose of this case, are:

"I hereby will and bequeath to my wife Fanny Gray the Shadeland farm situated in Pleasant T. P. Monroe Co Iowa to have and to hold during her life time with the prom*ys* that Archy Gray is to o*cu*py and operate the same as tenant giving Fanny Gray *o*ne third of all crops and stock &c produced on the same Fanny Gray to pay the taxes on said farm * * *.

"I hereby will and bequeath*e* to my daughter Macy Knox Eight Thousand dollars to be paid to her in yearly insta*lm*ents of one thousand dollars each untill all have b*en* pai*g* commencing one year after the death of Fanny Gray.

"I hereby will and bequeath to my son Archy Gray the right to o*cu*py the Shadeland farm as tenant on the terms set out in my bequest to Fanny Gray and at her death the title to the Shadeland farm subject to him paying all debts ag*an*st me above what ready money I may have on hand and paying to Macy Knox the legacies allowed to her I also will to Archy all property owned by me not otherwi*z*e provided for

"In the even_____ of Macy Knox dying before the legacies given to her have all been paid no part of them is due to any one

unless she have living children then the bequests that have not been paid shall be placed in trust for their benefit."

On December 31, 1915, a first codicil was executed. This appointed appellee Archie and his wife, executors. This codicil contained this sentence: "All other conditions in said Will to remain unchanged."

On January 10, 1919, a second codicil was executed. This provides:

"* * * on account of the changes that have taken place since the will was made I wish to make the following changes I wish to give to my wife Fanny Gray [here follow provisions with reference to the farm and the stock on it, not material to the present inquiry].

"Also I wish to give to Macy Gray Knox the sum of Twelve Thousand Dollars in place of Eight thousand in will to be paid to her by Archy Gray To be paid to her by four equal payments of Three thousand dollars Each annually begining in six month__ after the death of Fanny Gray without interest on any of these anual payments if paid when due Archy Gray is to have full controll of the farm at my death by complying with the require_____ set out in this Coacile."

On October 16, 1919, the widow Fannie and the two children entered into a contract which, so far as material, is as follows:

"It is hereby agreed that, in consideration of Macy Knox permitting the will of said W. H. Gray to be probated, without objecting thereto or contesting the same, that then and in that event, it is hereby agreed that Fannie Gray and Archie Gray will pay to said Macy Knox on the first day of January, 1920, the sum of Eight Thousand Dollars ($8,000.00) in cash, said Fannie Gray and Archie Gray are, on the signing of this contract, to execute and deliver to said Macy Knox their certain promissory note for Eight Thousand Dollars ($8,000.00), due January 1, 1920, without interest, if paid on January 1, 1920, and if not paid when due, said note to draw interest at the rate of 8% from date.

"It is further agreed that upon the death of said Fannie Gray, there shall be paid to Macy Knox the sum of Twelve

Thousand Dollars ($12,000.00), being the special legacy provided for in the codicil to the will of said W. H. Gray, deceased, said payment to be made by Archie Gray to Macy Knox within one year from the death of Fannie Gray and in accordance with the provisions of the said will and codicil relating to said legacy, the only exceptions to said provisions being the time of payment thereof, which is herein fixed to be paid within one year after the death of Fannie Gray.''

The date of the testator's death is not given but the widow died October 25, 1935; Macy Knox died May 2, 1936, leaving no children or other lineal descendants. The will and codicils having been admitted to probate, this case turns on the proper construction of the instruments above set out, or to put it in appellant's phrase :

''Therefore, the sole question in dispute in this litigation is as to whether or not the personal representative of the estate of Macy Knox, deceased, is now entitled to receive from Archie Gray the sum of $12,000, as provided for in the second codicil of her father's will, bearing date of January 11, 1919, and as provided for in the written contract entered into on the 16th day of October, 1919.''

The case is somewhat unusual in that there is no substantial difference between the parties as to the law. It is only in the application of legal principles that they disagree. Appellant urges that the will and codicils are to be construed together and that where there is an irreconcilable conflict, the last expression will prevail. There is, he argues, an irreconcilable conflict here and insists that the second codicil ''amounts to a revocation of the entire bequest [to Macy Knox] in the original will including the condition or limitation whereby if she should die before 'the legacies given to her have all been paid' etc.'' Appellant also asserts that the second codicil constituted a vested interest or right in the $12,000 and that the contract between the widow and the children has the same effect. As another contention, appellant insists that the court was bound to accept as true all the averments of the petition and that when so considered the court was bound to construe the will in the light of attendant circumstances. It is true that under certain condi-

tions, circumstances surrounding testator and his affairs are receivable. This rule does not apply where the language of the instrument itself is plain and unequivocal. In re Estate of Thomas, 220 Iowa 50, 261 N. W. 622; First Methodist Church v. Hull, 225 Iowa 306, 280 N. W. 531; Starr v. Newman, 225 Iowa 901, 281 N. W. 830; Anderson v. Anderson, 227 Iowa 25, 286 N. W. 446; Anderson v. Meier, 227 Iowa 38, 287 N. W. 250. Among the cases cited by appellant are these: In re Estate of Dodge, 207 Iowa 374, 223 N. W. 106; Cook v. Underwood, 209 Iowa 641, 228 N. W. 629; In re Trusteeship of Cool, 210 Iowa 30, 230 N. W. 353; In re Estate of Glandon, 219 Iowa 1094, 260 N. W. 12; Boone Biblical College v. Forrest, 223 Iowa 1260, 275 N. W. 132, 116 A. L. R. 67; Boehm v. Rohlfs, 224 Iowa 226, 276 N. W. 105. None of these demand a result different from that which the trial court reached.

It will be seen that no amount of argument or elaboration of statement will aid much in reaching a right conclusion. The instruments speak for themselves and we agree that the trial court's construction was right. Appellant contends that the bequest of Macy Knox in the second codicil created a vested interest in her and cites McClain v. Capper, 98 Iowa 145, 67 N. W. 102; Olsen v. Youngerman, 136 Iowa 404, 113 N. W. 938; Schrader v. Schrader, 158 Iowa 85, 139 N. W. 160; In re Estate of Phearman, 211 Iowa 1137, 232 N. W. 826, 83 A. L. R. 674. We do not read these cases to that effect when applied to the instruments before us.

Other contentions of the parties have been considered but we find it unnecessary to further lengthen this opinion by discussing them.

Finding no error in the decree of the trial court, it is affirmed.—Affirmed.

CHIEF JUSTICE and all JUSTICES concur.