SIMON OVERTURFF, appellant, v. ARTHUR MILLER et al., appellees.

No. 48678.

(Reported in 71 N.W.2d 913)

September 20, 1955.
Rehearing Denied November 18, 1955.

Bailey C. Webber and Hal P. Beck, both of Ottumwa, for appellant.

Simpson & Louden and Leo D. Thoma, all of Fairfield, and Clyde E. Jones, of Ottumwa, for appellees.

Bliss, J.—The appeal presents some troublesome questions. And while the ultimate issue is a legal one, the facts are important though not in dispute. Allen Overturff, 73, of Van Buren County, Iowa, executed his last will on April 21, 1910, which was probated August 22, 1911. He was survived by four sons, four daughters and a granddaughter, all of whom were named in the will. At his death he owned 480 acres of farm land, his home in town, and certain personal property, the kind and value of which is not shown. He devised forty acres of his land to one of his daughters. All the remainder of his property, both real and

personal, he devised and bequeathed to his four sons, D. N., Harry, Ben, and Simon Overturff, but subject to certain conditions and burdens. Because of some of the matters discussed by counsel, we think it will be helpful to set out the will quite fully, with the paragraphs in consecutive order, and some of them verbatim. The number of each paragraph having a number is shown.

"Last will and Testament of Allen Overturff.

"Know All Men By These Presents:

"That I, Allen Overturff, aged seventy three years * * * being of sound mind and memory * * * and desiring to make a just and equitable distribution of my property among my children do make and declare this instrument to be my last Will and Testament * * * .

"1st. It is my desire that all my just debts and funeral expenses be paid——

"2nd. I give, bequeath and devise upon certain conditions hereinafter named, all and singular my property both real and personal wherever situated or found unto my Sons (excepting only the South ½ of the South West Quarter of the North West Quarter of Section Eleven, and the South ½ of the South East Quarter of the North East Quarter of Section Ten all in township seventy North of Range eleven West containing forty acres) D. N. Overturff, Harry Overturff, Ben Overturff, and Simon Overturff, all of Van Buren County, Iowa, (excepting Ben Overturff now temporarily living in Monrovia, California) with the understanding that no division or partition of said real estate be made or sold, unless all my Sons above named agree to the same, and not then until all my Daughters below named shall have paid to them the amounts herein named, and which said amounts are to be paid by my Sons, D. N.—Harry—Ben and Simon Overturff, as follows:

"To my Daughter Effie May Mechem Twenty-five Hundred ($2500) Dollars. To my Daughters Lillie Belle Overturff and Margaret Samantha Nutt (both of Van Buren County) and Mary Cramlet of Monrovia, California, each the sum of Two Thousand ($2000) Dollars, and to my Granddaughter—Ruby Byers of Selma, Iowa, Post Office, Five Hundred ($500) Dollars to be paid to her at the age of eighteen years. All of the above named amounts to be paid by my above named Sons, not later than five

(5) years after the establishing of this Will, with interest at the rate of six per cent per annum payable annually.

"I make this bequest to my Sons upon the further consideration that my above named Sons shall keep and care for Lillie Belle Overturff, she to have a home, with my Sons, on the home place, and to be cared for by them as long as she may live, free of expense to her.

"I further will and bequeath to my daughter Effie May Mechem, the South Half (½) of the South West Quarter of the North West Quarter of Section Eleven (11) and the South One Half (½) of the South East Quarter of the North East Quarter of Section Ten (10) all in Township Seventy (70) North of Range Eleven (11) West containing Forty (40) acres.

"In the event of the death of one or more of my Sons, without issue, it is my desire and will that his or their interest in all real property inherited under this will revert to my estate, and be divided equally among my remaining Sons,——."

In the next to the last paragraph of the will the testator provides that if any legatee should challenge the will by court action, any property willed to him should pass to, and be equally divided among, noncontesting legatees.

The last paragraph of the will provides for the appointment of D. N. and Simon Overturff as executors of the Will. They qualified and acted as such.

The estate was closed and the executors discharged by final order made in 1912. The four sons of the testator survived him. In 1930 the son Harry Overturff died testate, leaving surviving him his widow, Mabel Overturff, life tenant under his will, and two children, Hiel Overturff and Helen Overturff Beasley, who were to take the property absolutely at the death of the widow.

The son D. N. Overturff died August 16, 1952, never having married, and without issue. On May 25, 1950, he executed a quitclaim deed conveying to Hiel Overturff and Helen Overturff Beasley his interest in the real estate devised to him by the testator, Allen Overturff.

The son Ben Overturff, aged 76 at the time of the trial, childless, though married, lived with his wife at Monrovia, California.

On July 29, 1937, Frank Young, one of the appellees herein,

obtained a sheriff's deed to the undivided interest of Simon Overturff in the land devised by the testator to his four sons, which interest of Frank Young was later conveyed by his heirs by quitclaim deed to A. H. Miller (Arthur Miller) one of the appellees herein. The sheriff's deed was on an execution sale on a judgment entered May 14, 1936, against Simon Overturff and wife. Simon Overturff has two children, Sarah Overturff Nelson and Margaret Overturff Hartley.

On April 19, 1938, Frank Young, grantee in the sheriff's deed, filed his suit in partition in the Van Buren County District Court against the following parties as defendants: D. N. Overturff; Simon Overturff and Myrtle Overturff, his wife; Ben Overturff and Bertha Overturff, his wife; Harry Overturff, deceased, and Mabel Overturff, his surviving wife; Helen Overturff and Hiel Overturff, the sole and only heirs of Harry Overturff; Lillie Belle Overturff Lewis; and L. H. Laughlin, lessee. All defendants were duly served or they appeared.

The plaintiff in said action alleged that by his sheriff's deed he was the owner of an undivided one-fourth interest in all of the real estate devised by the testator, Allen Overturff, to his four sons; and the owners of the remaining three fourths of the said real estate were D. N. Overturff, an undivided one fourth, Ben Overturff, an undivided one fourth, Helen Overturff, an undivided one eighth, and Hiel Overturff, an undivided one eighth, and, since they disagreed on the division of the real estate, plaintiff prayed for judgment partitioning the land in accord with the respective shares alleged in the petition. To this petition, on January 10, 1939, Simon Overturff and wife filed answer denying Young had title to any part of the real estate entitling him to a partition of it. On August 22, 1941, Young, on ruling of the court, amended his petition by alleging that all provisions of the Allen Overturff will, which might have created a lien on the land devised to the four sons, had been complied with, or had lapsed for failure to enforce the same, and were barred by the statute of limitations, for the reason that in the probate proceedings in the Allen Overturff estate, in which all parties, who had an interest in land described in Young's petition, were brought into court, and on August 28, 1912, Simon

Overturff and his three brothers were adjudged to be owners of all the real estate of which the testator died seized except that devised to Effie May Mechem. On April 20, 1940, in the partition suit, four of the defendants therein, to wit, D. N. Overturff, Mabel Overturff, Helen Overturff, and Lillie Belle Overturff Lewis moved the dismissal of Young's petition. (The defendants who did not join in the motion were Simon Overturff and wife, Ben Overturff and wife and Hiel Overturff.) On August 26, 1941, the moving defendants amended their motion to dismiss, by alleging that on the face of the Young petition it appears that Simon Overturff had a defeasible fee in said real estate, and his rights of ownership therein were subject to the possibility of reverter in the event he died without issue.

On October 6, 1941, in the partition suit, the court (Simmons, J.) sustained the motion to dismiss, stating: "Motion to dismiss in this case was sustained (Note. A memorandum ruling had previously been made) on the ground that the will prohibits sale or partition without consent of the devisees, and that such limitation is not void for repugnancy. Plaintiff (Young) has requested the court to further construe the will and determine the nature of the interest of the plaintiff by determining the validity of the sixth paragraph of the will. (Note. This is the paragraph providing that if any of the four sons died without issue, all interest so devised to him or them would revert to the testator's estate, and be divided equally among the remaining sons.) Defendant does not object, and though I am not sure that a determination of this question will be of benefit to the parties I agreed that it would be desirable if a final construction could be made at this time. * * *." In sustaining the motion to dismiss the court held that the devise to the four sons was not of a vested fee, and that if it were the sixth paragraph of the will was not repugnant.

We have discussed the partition suit because plaintiff on this appeal contends that the dismissal in that suit is res adjudicata of the issues before us.

The petition filed by plaintiff March 23, 1953, in the action on appeal alleged generally the factual matters stated above. Attached as exhibits were the testator's will, the ruling on the motion in the partition suit and the transcript in that proceed-

ing. The petition also alleged: that D. N. Overturff had but a defeasible interest under the will, and that upon his death without issue, the real-estate interest devised to him reverted to the testator's estate and then became the property of plaintiff and Ben Overturff in equal shares; that the quitclaim deed of D. N. Overturff, of May 25, 1950, of his said interest to Hiel Overturff and Helen Overturff Beasley, conveyed only the defeasible interest he had, which terminated on his death without issue; and thereby one half of the one-fourth share of D. N. Overturff passed to Ben Overturff, giving him an undivided three-eighths interest in the real estate devised, and the other one half of the one-fourth share of D. N. Overturff passed to plaintiff subsequent to the execution of the sheriff's deed to Young.

Plaintiff also alleged that Ben Overturff, aged 74 years, was childless, and, though married, would in all probability leave no issue, and, whenever he might die, plaintiff would thereby acquire, under the testator's will, the three-eighths interest of Ben Overturff in said real estate, as the last survivor of those taking under the testator's will.

Plaintiff prayed that defendants be enjoined from further acts of waste, that a receiver be appointed, and that he have judgment for treble damages pursuant to section 658.1, Code of Iowa, 1950, in the sum of $45,000.

Defendants answered admitting the probate of the Allen Overturff will, and the devises therein, but denied that each son received a defeasible interest in the land devised; admitted that upon the death of Harry Overturff, and under his will, his wife, Mabel, took a life estate in his property, and upon her death his daughter, Helen Overturff Beasley, and his son, Hiel Overturff, became vested equally with their father's one-fourth interest under the will of Allen Overturff, subject to Mabel Overturff's life estate; admitted the death of D. N. Overturff in August 1952 and that he never married nor had issue; admitted that plaintiff's, Simon Overturff's, one-fourth interest in the devise of real estate in Allen Overturff's will was sold at sheriff's sale and later passed to defendant Arthur Miller, but denied that this interest of Simon Overturff was a defeasible one, and alleged that said interest had vested absolutely in him in fee and

was so owned by him at the time of the sheriff's sale. Defendants denied that the allegations in the petition concerning the partition suit decided by Judge Simmons, and the transcript thereof, had any materiality in the instant action, since the said suit was simply one for partition and raised no issues presently involved, and the motion to dismiss, which the court construed, purportedly on agreement of the parties, was made only on behalf of D. N. Overturff, Mabel Overturff, Helen Overturff Beasley, and Lillie Belle Overturff Lewis, and was not joined in by Ben Overturff and by Hiel Overturff, nor were they bound by any allegations or admissions therein, nor by the ruling of the court, and since the construction of the will was not an issue under the pleadings, the parties making the motion were also not bound. Defendants denied the allegation of the petition that the interest of D. N. Overturff, on his death without issue, reverted through the Allen Overturff estate to Simon Overturff and Ben Overturff, and alleged that D. N. Overturff took an absolute estate in fee simple in the one-fourth interest devised to him by Allen Overturff, which he could dispose of during his lifetime, as he did by quitclaim deed to Hiel Overturff and to Helen Overturff Beasley.

Defendants also alleged that Mabel Overturff is the owner of an estate for her life in the one-fourth interest devised to her deceased husband, Harry Overturff, by the Allen Overturff will, with remainder over to Helen Overturff Beasley and Hiel Overturff, who also have an additional absolute one-fourth interest in the devise of the Allen Overturff will by reason of the quitclaim deed of D. N. Overturff; and that the entire interest in the real estate devised by Allen Overturff is now owned as follows: one fourth, each, absolutely by Ben Overturff and A. H. Miller, a life estate in one-fourth interest by Mabel Overturff, and the remaining one-half interest absolutely in Helen Overturff Beasley and Hiel Overturff. Defendants alleged that under the Allen Overturff will the four sons did not each have a defeasible interest, but each had an absolute vested interest which he could dispose of during his lifetime.

Defendants alleged that the pleading of probabilities in the petition respecting those who would take the one-fourth interest of Ben Overturff is denied, and is improper pleading; denied the

allegation that Ben Overturff holds a defeasible interest in an undivided three-eighths interest, and alleged that Ben Overturff holds an absolute fee simple in a one-fourth interest.

Respecting the alleged ownership of plaintiff, Simon Overturff, defendants denied that he has any defeasible interest in said real estate. Defendants also denied as a fact, and as improper, plaintiff's alleged expectancy of Ben Overturff's interest.

Defendants prayed the court to deny the petition of plaintiff in every respect, and to adjudicate the interests of the respective parties as alleged by defendants.

On the submission of the cause the trial court stated to counsel that to expedite the hearing and for the convenience of all concerned, upon the evidence then introduced, it would hear and determine the pleaded issue, whether Simon Overturff had any interest in the real estate, and if the court determined that he did have, the case would be continued for other issues raised by the pleadings, respecting damages, waste, etc. This was agreeable to the parties. After submission by written arguments the court filed its opinion and judgment, in which the facts and the contentions of the parties are reviewed at some length. It was the conclusion of the court that the decision turned solely on the sixth or "death-without-issue" paragraph of the will, and whether it should be construed as meaning death without issue before the testator's death, as contended by the defendants, or death without issue at any time, either before or after the death of the testator, as contended by plaintiff. The court stated:

· "It is the contention of the plaintiff that this paragraph is a further condition imposed upon the devise to the four sons and has the effect of making said devise a conditional fee instead of a fee simple. * * * Defendants, on the other hand, contend that this paragraph, standing alone, does not constitute a condition but only means that if any one or more of the sons died without issue before the death of the testator, the real estate should be divided among the surviving brothers. * * * There is nothing in the will * * * which indicates any intention of the testator that the provision relative to the disposition of his real estate in the event of the death of any of his sons without issue meant death without issue before his death or otherwise. No

circumstance is shown in evidence as to what his intention was in this regard. And no circumstance is shown in evidence that he meant that the death of any of his sons without issue referred to a time after his death. This being the situation, it would appear that the rule of construction stated in the Shoberg case (Shoberg v. Rock, 230 Iowa 807, 810, 298 N.W. 838, 839) would control, and that the provision in the Overturff will relative to the death of any of the sons without issue referred to death without issue before the death of the testator."

Quoting from the Shoberg case (page 810) the trial court said: "A devise over on the contingency of the first taker's death refers to death in the testator's lifetime unless a contrary intention is found in other provisions of the instrument or circumstances surrounding the execution of the will. Williams v. Allison, 33 Iowa 278; Atchison v. Francis, 182 Iowa 37, 165 N.W. 587, L. R. A. 1918E, 1087; * * *. This rule has been extended in this State where the devise of the fee to the primary devisee is coupled with a devise over if said devisee dies without issue [citing cases]."

Continuing, the trial court said:

"The paragraph under consideration (sixth paragraph of will) is inserted all by itself without any particular connection to any other part of the will. Between this paragraph and the preceding paragraphs of the will there is an independent paragraph providing for a separate independent devise. In other words, there is a clean break in the will between the conditions imposed upon the devise to the sons and the paragraph in question. The language of the paragraph is not particularly clear and is rather inept. Nothing in the will indicates that the testator meant that this paragraph should be a condition attaching to the interest of the sons in this real estate after his death. * * * There is nothing in the will that indicates that the testator did not intend that his four sons should take a vested fee simple title to said real estate if they performed the conditions of paying the daughters their legacies and supporting the one daughter, Lillie Belle, all of which have been performed. All of the cases are in agreement that the law favors an early vesting of the fee simple title. * * * It is the conclusion of the court that

the will of Allen Overturff vested in his four sons a fee simple title in the real estate involved as of the death of Allen Overturff, and that the quitclaim deed from D. N. Overturff to Hiel Overturff and Helen Overturff Beasley conveyed to them a fee simple title of an undivided one-fourth interest in said real estate, and that D. N. Overturff owned no interest in said real estate at his death.

"It is the further conclusion of the court that the sheriff's deed to Frank Young divested Simon Overturff of his interest in said real estate and vested in Frank Young and in his grantee, defendant Arthur Miller, a fee simple title to the undivided one-fourth interest of Simon Overturff which he received under the will of his father. Therefore, it is the final conclusion of the court that at this time Simon Overturff has no interest whatsoever in the real estate involved in this cause of action."

The petition of plaintiff was accordingly dismissed.

The court also found that the proceedings in the Frank Young partition suit of 1938 were of no materiality with respect to the present action, as the question in this case was not before the court in the partition suit, but was made at the request of Young for a construction of the will more or less as an opinion and was purely dictum and was not res adjudicata on the matter before the court in the pending action.

We agree with the result reached by the able trial court without expressing approval or disapproval of the reasons stated, but it is also our judgment that the decision below is sustained upon other grounds. In the second paragraph of his will the testator stated: "I give, bequeath and devise upon certain conditions hereinafter named, all and singular my property both real and personal wherever situated or found (excepting forty acres of land devised to his daughter Effie May Mechem) unto my Sons D. N., Harry, Ben, and Simon, with the understanding no division or partition of said real estate be made or sold, unless all my sons above named agree to the same, and not then until all my Daughters below named shall have paid to them the amounts herein named and that said amounts are to be paid by my Sons (naming the four) as follows:" Then follows the third paragraph specifying an aggregate of $9000 to be paid by the

four sons, within five years after the probate of the will, to four daughters and a granddaughter, with six per cent annual interest.

In the fourth paragraph of the will the testator stated, "I make this bequest to my Sons upon the further condition that my above named Sons" shall provide a home and care for Lillie Belle Overturff during her life, at no expense to her.

■ It thus appears that the first of the so-called "conditions" was the payment of the money to the daughters and the granddaughter. It is conceded that the payments were duly made and the "condition" was fully met and performed. Payments of this kind have ordinarily not been considered by courts as affecting the fee of the land devised, but have uniformly been treated as charges against, or liens upon, the land, which might be subjected to their payment. The fact that the testator made no alternative or substitutionary devise of the land in the event of the nonpayment of the money is convincing indication that the payments were to be considered but charges or liens upon the land and not conditions precedent to the vesting of the estate. Schrader v. Schrader, 158 Iowa 85, 88–94, 139 N.W. 160; Sick v. Rock, 240 Iowa 584, 588–591, 37 N.W.2d 305, and authorities cited in both.

What we have said of the money payments of $9000 applies fully to the burden of caring for Lillie Belle Overturff. It is conceded that she was cared for by the sons until her death. When this action was submitted to the court below the land devised to the four sons had been freed of the first two "conditions" or burdens, and the title and fee thereof was as if the "conditions" had never existed.

■ II. The third so-called "condition" is that all of the four sons must join in and agree and consent to any division, partition or sale of any portion of the land devised to them. This, in fact, is not a condition which in any way or degree affects the fee or title to the land. Whether it is in or out of the will is immaterial. By the devise to them the four sons became joint owners of 440 acres of land. Each owned an equal undivided interest in the whole and every part of the land. Of course each of them must join in any transfer of all or any part

of the land, regardless of whether the will so provides or not. Such joinder is a necessity and inherent in the transfer of any tract of land or part thereof in which the ownership is joint and undivided. The sons were devised this land in fee simple. It was theirs absolutely. No one else had any interest or title to it. They could keep it or sell it. The fact that each son must join in any transfer does not affect the fee or change it from a vested fee to a defeasible one, and neither would the refusal of one of them to join in a transfer.

III. The will devised the sons a fee simple estate in its second paragraph, and the testator could not defeat nor qualify that devise by a subsequent and separate paragraph in the will. The sixth paragraph of the will, to wit: "In the event of the death of one or more of my Sons, without issue, it is my desire and will that his or their interest in all real property inherited under this will revert to my estate, and be divided equally among my remaining Sons" is of no force or effect because repugnant to the devise in fee simple to the four sons in the second paragraph of the will. We have many times so held. Talbot v. Snodgrass, 124 Iowa 681, 684, 685, 100 N.W. 500; Tarbell v. Smith, 125 Iowa 388, 390, 101 N.W. 118; In re Estate of Freeman, 146 Iowa 38, 44, 45, 124 N.W. 804; Phillips v. Phillips, 217 Iowa 374, 375, 251 N.W. 511; Iowa City State Bank v. Pritchard, 199 Iowa 676, 678, 202 N.W. 512; In re Estate of Flannery, 221 Iowa 265, 271, 264 N.W. 68; In re Estate of McCulloch, 243 Iowa 449, 459–463, 52 N.W.2d 67.

It is our conclusion that the proceedings in the Young partition suit and the construction by the court therein of the Allen Overturff Will at the request of the plaintiff, after the court had already sustained the motion to dismiss on another ground, went beyond the issues involved, and it does not clearly appear that defendants had notice thereof or consented thereto, and that because of such lack of identities in issues and parties, in that action and the present one, the statement of the court in the earlier suit that the fee received by the four sons was but a defeasible or conditional fee is not res adjudicata of any issue in the action on appeal.

It is therefore our conclusion that the petition of the plaintiff was rightly dismissed by the trial court, and it is our further

conclusion and judgment that plaintiff was deprived of any interest in the land involved by the sheriff's deed to Frank Young, and that he has no right, title or interest of any kind in any of the real estate devised by Allen Overturff to his four sons, and that under the record in this action the ownership of said real estate is as follows: Arthur Miller and Ben Overturff each own an undivided one-fourth interest therein in fee simple, and Helen Overturff Beasley and Hiel Overturff jointly own an undivided one-half interest therein in fee simple. The district court is directed to enter judgment and decree in accord herewith. The judgment of the district court dismissing plaintiff's petition and for all costs is—Affirmed.

OLIVER, C. J., and GARFIELD, WENNERSTRUM, SMITH, MULRONEY, THOMPSON, and LARSON, JJ., concur.