HELEN T. SCHMIDT, appellee, v. ANNA CLAUS et al., appellants.

No. 49471.

(Reported in 93 N.W.2d 592)

DECEMBER 16, 1958.

DeWolf, Goodman & Huisman, of Grundy Center, and Lundy, Butler, Lundy & Wilson, of Eldora, for appellants.

B. E. Hunter, of Reinbeck, and Garrett & Bown, of Corydon, for appellee.

OLIVER, J.—This is a suit for the construction of the will of C. J. Schmidt, who died in 1943, and to quiet title to a share in approximately 438 acres of farm land in Grundy County and a town lot in Wellsburg, all of which he died seized. His will provided, in part:

Paragraph One—for the payment of debts, etc.

"Paragraph Two. Subject to Paragraph One hereof I give, devise and bequeath to my beloved wife, Lamke Schmidt, the use and income from my entire estate, real, personal and mixed, for and during the term of her natural life.

"This provision for my said wife to be in lieu of all her dower and statutory rights in my estate.

"Paragraph Three. After the death of my said wife, Lamke Schmidt, it is my will and I hereby give, devise and bequeath to my four children, namely: John Schmidt, Mrs. Anna Claus, Leonard Schmidt and George Schmidt, all my entire estate, real, personal and mixed, of whatever it may consist and wherever situated in equal shares, share and share alike, to be theirs absolutely.

"Paragraph Four. In case any of my said children above named should die before the survivor of me and my said wife does leaving a child or children, fruit of his or her body, then and in that case the share of my estate which would have gone to such deceased child, had he or she survived both me and my said wife, shall go to the child or children of such deceased child in equal shares, share and share alike.

"Paragraph Five. In the event that any of my said children should die before the survivor of me and my said wife leaving no issue then and in that case the share which would have gone to such deceased child had he or she survived both me and my said wife, shall go to those of my said named children who survived me and my said wife in equal shares, share and share alike."

C. J. Schmidt's widow, Lamke Schmidt, survived him and elected to take under his will. His four children, named in the will as beneficiaries, also survived him. One of said children, John C. Schmidt or John Schmidt, subsequently married and, in 1956, died testate, leaving his wife, plaintiff, Helen T. Schmidt, him surviving, to whom he devised his entire estate,

absolutely. She brought this suit against the three other children of C. J. Schmidt, their respective spouses, and Lamke Schmidt, the widow of C. J. Schmidt, to quiet title to an undivided one-fourth interest in the real estate, subject to the life estate of Lamke Schmidt.

Plaintiff's petition alleges that by reason of the unequivocal devise in Paragraph Three of the will of C. J. Schmidt, John Schmidt became the absolute owner in fee simple of an undivided one fourth of his entire estate upon the death of said C. J. Schmidt, subject only to the life estate of Lamke Schmidt, and that the interest of John Schmidt passed to plaintiff, Helen T. Schmidt, under John's will.

"That by reason of the vesting of said title to said real estate in John Schmidt under the provisions of Paragraph 3 of the will of C. J. Schmidt, the provisions of Paragraphs 4 and 5 of the will of C. J. Schmidt are of no force and effect, said paragraphs being repugnant to and inconsistent with the clear, unambiguous, definite and certain provisions of Paragraph 3 of said will. Said Paragraphs 4 and 5 are mere precatory statements."

The Conclusions of Law of the trial court recite:

"Under the will of C. J. Schmidt the absolute and fee simple title in and to an undivided one-fourth interest in the real estate of which he died seized, subject only to the life estate of Lamke Schmidt therein, vested immediately upon his death on July 12, 1943, in the son John Schmidt. Under the will of the son John Schmidt such interest vested immediately upon his death on April 24, 1956, in his surviving spouse, the plaintiff herein."

The court adjudged that plaintiff, Helen T. Schmidt, was the absolute owner of an undivided one-fourth interest in the real estate and quieted title thereto in her against the defendants, except as to the life estate of Lamke Schmidt. Defendants have appealed.

We affirm the judgment of the distinguished trial court. Paragraph Three of the will of C. J. Schmidt provides: "After the death of my said wife * * * I hereby give, devise and bequeath to my four children [naming them], all my entire estate * * * share and share alike, to be theirs absolutely."

■ ■ I. In Paragraph Two testator's widow had been given his entire estate for her life. Paragraph Three gave his entire estate after her death to his four named children. The meaning of the language used is too clear to be questioned. No other conditions or limitations were attached to either of these gifts. The last word in Paragraph Three is "absolutely." As there used it means "in fee simple." Baker v. Elder, 223 Iowa 395, 397, 272 N.W. 153; Tague v. Tague, 248 Iowa 1258, 1264, 85 N.W.2d 22; Iowa City State Bank v. Pritchard, 199 Iowa 676, 678, 202 N.W. 512. Although words of this character are unnecessary to convey title in fee simple, their use confirms and emphasizes, rather than questions, such meaning. Section 557.2, Code of Iowa, 1958; In re Estate of Lewis, 248 Iowa 227, 230, 80 N.W.2d 347.

II. The dispositive provisions of the will should have ended with Paragraph Three because it clearly completed the disposition of testator's entire estate without qualifications or exceptions, and left no property upon which Paragraph Four or Five could operate. Hence, the provisions of these subsequent paragraphs were repugnant to the earlier provisions and, therefore, were invalid. In the language of In re Estate of Lewis, 248 Iowa 227, 230, 80 N.W.2d 347, 349:

■ "Our decisions make it clear that an unambiguous absolute grant in one paragraph of a will cannot be limited by a separate subsequent repugnant provision.

"As said in Todd v. Stewart, 199 Iowa 821, 825, 202 N.W. 844, 845: 'But, as has frequently been said, there are some things that even a testator cannot do. It is settled by an unbroken line of decisions that, where a will [testator] gives an absolute title in fee, any attempt in a subsequent clause to defeat, destroy, or limit the title or estate so given, is held to be inconsistent with the disposition so made, and does not affect it.'

"We find no departure from this doctrine."

Overturff v. Miller, 247 Iowa 284, 296, 71 N.W.2d 913, 920, states: "The will devised the sons a fee simple estate in its second paragraph, and the testator could not defeat nor qualify that devise by a subsequent and separate paragraph."

To the same effect are many other decisions some of which

treat the proposition at length. Moore v. McKinley, 246 Iowa 734, 69 N.W.2d 73; Miller v. Unknown Claimants, 246 Iowa 1070, 1072, 1073, 70 N.W.2d 560; In re Estate of McCulloch, 243 Iowa 449, 459, 460, 52 N.W.2d 67; Law v. Douglass, 107 Iowa 606, 610, 78 N.W. 212; Iowa City State Bank v. Pritchard, 199 Iowa 676, 678, 202 N.W. 512.

III. Appellants offered testimony of statements made by C. J. Schmidt as to his understanding of the meaning of the will. The trial court properly gave this testimony no weight. In re Estate of Miller, 243 Iowa 920, 929, 54 N.W.2d 433, 36 A. L. R.2d 139; Moran v. Moran, 104 Iowa 216, 221, 222, 73 N.W. 617, 39 L. R. A. 204, 65 Am. St. Rep. 443.—Affirmed.

GARFIELD, C. J., and BLISS, WENNERSTRUM, HAYS, LARSON, PETERSON, and LINNAN, JJ., concur.

THOMPSON, J., concurs specially.

THOMPSON, J. (concurring specially)—I have no doubt that the majority opinion correctly interprets the will and makes the proper decision in the light of our previous holdings.

However, it seems proper to comment that the rule against repugnancy which we have adopted, and have applied here, is highly technical and generally has the effect, as in the instant case, of reaching a result which the testator did not intend and which is contrary to the express intent of the will if it is construed in accordance with its plain language.