IN RE ESTATE OF ANNA WELTER, deceased.

ST. PATRICK'S CHURCH, objector-appellant, v. DONALD SCHOFIELD, administrator of estate of Anna Welter, defendant; STATE OF IOWA, intervenor-appellee.

No. 50393.

October 17, 1961.

J. J. Hyde, of Elkader, for objector-appellant.

Evan L. Hultman, Attorney General, and Frank Craig and Bruce M. Snell, Jr., Assistant Attorneys General, for intervenor-appellee.

Garfield, C. J.—This is a probate proceeding arising from a controversy between St. Patrick's Church of Monona and the State of Iowa. Each claims the net estate of Anna Welter, deceased. The church contends the will of Otto J. Welter, Anna's predeceased husband from whom she acquired her estate, created an implied trust in favor of the church. The State claims Anna's estate by escheat as uninherited property under section 636.50, Code, 1958, since she left no heirs. The trial court upheld the State's claim and the church has appealed. We affirm the decision.

I. The case involves the construction of Otto's will, probated in 1942. Except for the usual provision for payment of debts and for appointment of Anna as executrix the will, omitting surplus words, provides:

"2. All of the rest * * * of my property * * * I give, devise and bequeath to my beloved wife, Anna Welter, she to have and hold the same absolutely.

"3. It is my request, and a request only, that after my death, my wife, Anna, shall make a Will leaving all of the remaining property after her death to St. Patrick's Church of Monona, Iowa."

Anna died intestate in 1960.

St. Patrick's Church contends the will is ambiguous and

therefore subject to construction. As stated, we are asked to construe it as creating an implied trust in the church's favor.

■ Certainly paragraph 2 is not ambiguous. It is an absolute devise of all Otto's property to his wife. The language "she to have and hold the same absolutely" which accompanies the devise is the equivalent of a devise in fee simple. Under paragraph 2 Anna acquired not only the legal title but the beneficial ownership as well. Schmidt v. Claus, 250 Iowa 314, 317, 93 N.W.2d 592, 594, and citations; Bradford v. Martin, 199 Iowa 250, 254, 255, 201 N.W. 574, and citations. See also Moore v. McKinley, 246 Iowa 734, 747–752, 69 N.W.2d 73, 81–84, and citations.

■ Nor is there any ambiguity in paragraph 3 of the will. The words "It is my request, and a request only," following paragraph 2, are precatory and imposed no imperative obligation upon the surviving wife to follow testator's request. The matter was left to the wife's discretion. Testator made this clear by saying "and a request only." The request was made to her as devisee, not as executrix or trustee. A trust does not arise from such language following an absolute devise of the property. In re Final Report of Campbell, 209 Iowa 954, 229 N.W. 247; In re Estate of Hellman, 221 Iowa 552, 559, 560, 266 N.W. 36, and citations; In re Estate of Edwards, 231 Iowa 71, 78, 79, 300 N.W. 673, 677; In re Estate of Lewis, 248 Iowa 227, 80 N.W.2d 347; Sandberg v. Heirs, etc., 152 Neb. 161, 40 N.W.2d 411. See also annotation, 49 A. L. R. 10, 69–79; Estill v. Ballew, Mo., 26 S.W.2d 778, 70 A.L.R. 321, and annotation, 326, 333; Annotation, 107 A. L. R. 896.

The Iowa cases cited are closely in point. There are also several earlier ones which support our conclusion but they need not be cited.

96 C.J.S., Wills, section 1011, page 536, states: "Ordinarily, where an absolute estate or interest is in terms given, precatory words which follow are treated as expressions of wish rather than of will, so that no trust is created, * * *."

57 Am. Jur., Wills, section 1180, thus summarizes the decisions generally on the point under consideration: " * * * the reluctance of the courts to give precatory expressions the force

of commands is manifested by the fact that the instances in which, * * *, a trust has been held to exist are decidedly outnumbered by the cases in which it has been held that no trust was created."

We are not to be understood as holding that if paragraph 3 of the will were not merely precatory it would be effective. Under a long line of Iowa decisions, including those heretofore cited, it would then be void as repugnant to the absolute devise in paragraph 2. Schmidt v. Claus, supra, 250 Iowa 314, 317, 318, 93 N.W.2d 592, 594, 595, appears to be the latest of these precedents. See also Alden v. Johnson, 63 Iowa 124, 127, 18 N.W. 696, and citations; Todd v. Stewart, 199 Iowa 821, 825, 202 N.W. 844, 845, and citations; In re Estate of Bigham, 227 Iowa 1023, 1026, 290 N.W. 11, 12; In re Estate of McCulloch, 243 Iowa 449, 459, 52 N.W.2d 67, 73; Miller v. Unknown Claimants, 246 Iowa 1070, 1073, 70 N.W.2d 560, 562; Overturff v. Miller, 247 Iowa 284, 296, 71 N.W.2d 913, 920.

The only Iowa decisions appellant cites in support of its claim a trust was created are Sherlock v. Thompson, 167 Iowa 1, 148 N.W. 1035, Ann. Cas. 1917A 1216, and Phelps Mortgage Co. v. Thomas, 194 Iowa 1078, 190 N.W. 399. Neither is in point nor inconsistent with the views here expressed.

II. The trial court received, subject to proper objection, extrinsic evidence of an oral statement by testator that he was going to give his property to his wife and she was supposed to give it to the church. Also that sometime after testator's death Anna Welter said she was going to give St. Patrick's Church the property testator left her. The court was right in giving no consideration to this evidence.

It is obvious that what Mrs. Welter intended to do has no bearing on the construction to be given the will of her deceased husband. So far as shown, she did nothing to carry out such intent. At least she made no will. And we cannot make one for her.

The evidence as to testator's oral statement was likewise inadmissible. Since the will is not ambiguous its meaning must be determined from the language there used. Nor is extrinsic

evidence admissible for the purpose of enlarging or diminishing the estate or interest devised by the will. Schmidt v. Claus, supra, 250 Iowa 314, 318, 93 N.W.2d 592, 595; In re Estate of Miller, 243 Iowa 920, 929, 930, 54 N.W.2d 433, 438, 439, 36 A. L. R.2d 139, and citations; In re Wills of Proestler, 232 Iowa 640, 644, 645, 5 N.W.2d 922, 925; 57 Am. Jur., Wills, sections 1051, 1053; 95 C. J. S., Wills, section 637a. See also In re Estate of Lewis, supra, 248 Iowa 227, 232, 80 N.W.2d 347, 350.

Even if the evidence that testator said "his wife was supposed to give it to the church" were considered it does not prove he intended to create a trust in favor of the church. Nor is it inconsistent with paragraph 3 of the will.

 III. Appellant invokes the rule that a will should be construed, if fairly possible, so as to avoid intestacy. The rule is not applicable here for two reasons. First, there was no intestacy under testator's will but an absolute devise to his wife of all his property. The fact she made no will creates no intestacy under her husband's will. Second, rules of construction are inapplicable where, as here, the will is plain and unambiguous. In re Estate of Syverson, 239 Iowa 800, 805, 32 N.W.2d 799, 801, and citations; Barnhouse v. Lewis, 250 Iowa 85, 91, 93 N.W.2d 117, 120, and citations; 95 C. J. S., Wills, section 591, pages 761, 762; 57 Am. Jur., Wills, section 1124.

 IV. We have said it is manifest the legislature has made every possible attempt to avoid escheat. In re Estate of Tripp, 239 Iowa 1370, 1372, 35 N.W.2d 20, 21. However section 636.50, Code, 1958, provides, "If there is property remaining uninherited, it shall escheat to the state." It is admitted Mrs. Welter left no known heirs. If, within ten years, someone shows himself to be an heir he will be entitled to the money or property she left. Code section 636.54. Until the end of such ten-year period the estate does not fully escheat and the State holds it in trust for the rightful owner. McKeown v. Morrow, 183 Iowa 454, 459, 167 N.W. 193.

The trial court's decree is strictly in accord with the law and is—Affirmed.

All JUSTICES concur except SNELL, J., who takes no part, and BLISS, J., not sitting.