In re Estate of Margaret D. Hogan, deceased.

Lenore Hogan Nash, appellant, v. Mrs. C. E. Plumly and Alfred G. McSwiggin, coexecutors of estate of Margaret D. Hogan, deceased, et al., appellees.

No. 52248.

NOVEMBER 15, 1966.

Messer & Cahill and David P. Poula, all of Iowa City, for appellant.

Alfred G. McSwiggin, of Williamsburg, for appellees.

GARFIELD, C. J.—Lenore Hogan Nash, surviving daughter of L. J. Hogan, deceased, filed petition against the executors of the estate of his deceased wife, Margaret D. Hogan, for interpretation of his will. Following trial to the court on stipulated facts the petition was dismissed. Petitioner has appealed.

L. J. Hogan died in 1962 leaving a will made in 1954 which is the subject of this controversy. After the death of his first wife he had married Margaret D. Hogan in the early 1920s. She, together with Lenore, his daughter by the previous marriage, survived him. Margaret died in 1965 leaving a will made in 1964. L. J.'s and Margaret's wills were both duly probated.

Item 1 of L. J.'s will orders and directs that his debts be paid. Item 2 directs his executrix to have masses said for his soul and that of his deceased first wife in the amount of $250 and gives to Boys Town, Nebraska, a like sum.

Item 3 provides: "My house and home in the town of Williamsburg, Iowa, I give to my beloved wife, Margaret D. Hogan."

Item 4 provides: "To my daughter Lenore Hogan Nash I give and bequeath the sum of Five Thousand Dollars."

Item 5 provides: "All the rest, residue and remainder of my property of every kind and character, including real estate,

personal property and mixed, I give to my beloved wife, Margaret D. Hogan. And I ask that should it become necessary, she give to my mother Mary Hogan such sums as may be necessary for her care and welfare. And should my wife have anything left at her death, I recommend to her, that the balance if any there be, be given to my daughter Lenore Hogan Nash."

Item 6 names as executrix testator's wife Margaret, "said trust to be imposed without bond."

Margaret's will leaves to Lenore only the former's diamond ring. The home in Williamsburg and its contents are left to Margaret's sister. The residuary clause is in favor of a niece. The home is the principal asset acquired from her husband of which Margaret died possessed.

Lenore received the $5000 which Item 4 of her father's will leaves her and Margaret's diamond ring.

Aside from the Williamsburg home L. J. left an automobile valued at $400, a hardware stock valued at $6300, a certificate of deposit for $1675 in the names of L. J. or Margaret Hogan and some United States savings bonds also registered in the same names. These were joint property not involved in this action.

The contest is over the provisions of Items 3 and 5 of L. J.'s will, supra. Lenore contends she should receive benefits under Item 5. Margaret's executors contend and the trial court held she receives nothing.

More particularly, the disputed question is whether the last sentence of Item 5, "And should my wife have anything left at her death, I recommend to her, that the balance if any there be, be given to my daughter * * *," is a polite command obligatory upon Margaret or merely an advisory suggestion she was not compelled to follow. The trial court adopted the latter view and we affirm the decision.

I. Of course, the governing rule in the interpretation of a will is to arrive at the intention of the testator. The complete will and all its terms must be considered. The testator's intention must be gathered from the language of the will where it is plain and unambiguous. The question is not what the testator meant to say but what he meant by what he did say. See Bankers Trust Co. v. Allen, 257 Iowa 938, 944, 135 N.W.2d 607,

610, 611, and citations; Schau v. Cecil, 257 Iowa 1296, 1299, 136 N.W.2d 515, 518; Clarken v. Brown, 258 Iowa 18, 23, 137 N.W. 2d 376, 379.

Resort to extrinsic circumstances is not permissible where the language of the will is not ambiguous or of doubtful meaning. Nor is extrinsic evidence admissible to vary, contradict or add to the terms of a will or to show an intention different from that disclosed by its language. Evidence of the testator's intention as an independent fact, divorced from the words of a will, is clearly inadmissible. Courts will not, from oral testimony, make a will the testator perhaps intended to, but in fact did not, make. Bankers Trust case, supra, and citations; In re Estate of Stonebrook, 258 Iowa 1062, 1073, 141 N.W.2d 531, 537.

II. It is clear, indeed it is conceded, that if it were not for the last sentence of Item 5, Item 3 conveys to Margaret a fee simple title to the home. The familiar stock phrases of the common law, such as "in fee simple", "absolutely", or "to have and to hold forever", do not appear, but words of this character are not necessary to the conveyance of a fee simple title. In re Estate of Hellman, 221 Iowa 552, 555, 266 N.W. 36, 38; In re Estate of Edwards, 231 Iowa 71, 83, 300 N.W. 673, 679; In re Estate of Lewis, 248 Iowa 227, 229, 230, 80 N.W.2d 347, 349. See also In re Estate of Logan, 253 Iowa 1211, 1213, 1217, 115 N.W. 2d 701, 703, 705; sections 557.2, 557.3, Codes, 1962, 1966.

In 28 Am. Jur.2d, Estates, section 18, page 94, states: "Thus, the rule is now well settled * * * that words of inheritance or perpetuity are not necessary to devise a fee."

III. Appellant thinks what would be a fee title in Margaret were it not for the last sentence of Item 5 is thereby reduced to a life estate in her, with power to invade the principal, with remainder to appellant, or to a devise to her of what remains of her father's estate upon Margaret's death. Too much is claimed for the recommendation in the sentence referred to. It is insufficient to limit the estate bequeathed to Margaret in Item 3 and the first sentence of Item 5. The primary meaning of "recommend" is advisory, not obligatory. Newport Hospital v. Harvey, 49 R. I. 40, 139 A. 659, 661.

Volume 76 C. J. S., pages 104, 105, defines "recommend" as

"To advise or counsel; to counsel as to a course of action; to commend; to commend to the favorable notice of another; * * *.

"Ordinarily it involves the idea that another has the final decision, although it is sometimes used in an imperative sense."

In 96 C. J. S., Wills, section 1011a, page 536, states: "Ordinarily, where an absolute estate or interest is in terms given, precatory words which follow are treated as expressions of wish rather than of will, so that no trust is created, * * *. If precatory words are used in their primary sense, it is obvious, or should be, that they can impose no obligation on the first taker." In re Estate of Welter, 253 Iowa 87, 89, 111 N.W.2d 282, 284, quotes the first part of this statement with approval.

The Welter case is much like this in principle. Following an absolute devise to testator's wife the will provided, " 'It is my request, and a request only, that after my death, my wife, Anna, shall make a Will leaving all of the remaining property after her death to St. Patrick's Church * * *.' " Use of the words "and a request only" emphasized the precatory nature of the provision relating to the church. However, language of the opinion and the authorities there cited fully support the conclusion reached here. Several authorities are cited for the holding that extrinsic evidence was inadmissible since the Welter will was unambiguous.

In re Whitcomb's Estate, 86 Cal. 265, 274, 24 P. 1028, 1029, 1030, involves a will very similar to L. J. Hogan's and reaches the result we do. This from the opinion may be repeated: "And when he [testator] gave persons property, and recommended them to do so and so with it, he meant to leave them free to act upon his advice or not, as they saw fit, but did not intend in any way to limit the estates he had bequeathed them * * *." See also Newport Hospital v. Harvey, supra, 49 R. I. 40, 139 A. 659, 661.

The words "recommend" and "recommendation" in statutes, city ordinances and other actions of public bodies have frequently been held to be advisory rather than obligatory. People of Virgin Islands v. Price, 3 Cir., Virgin Islands, 181 F.2d 394, 396; Fletcher v. Porter, 203 Cal. App.2d 313, 21 Cal. Rep. 452, 454; Ingard v. Barker, 27 Idaho 124, 147 P. 293; Kirby v. Nolte, 351 Mo. 525, 173 S.W.2d 391, 393; Mora County Board

of Education v. Valdez, 61 N. M. 361, 300 P.2d 943, 946; People ex rel. City of New York v. Woodruff, 166 N. Y. 453, 60 N.E. 28, 29, 30.

We think it significant that when L. J. Hogan desired to make a bequest or mandatory direction he used language clearly expressing such desire. Thus he orders and directs payments of his debts, directs that masses be said for his soul and that of his first wife, gives a named sum to Boys Town, gives his home to Margaret, gives and bequeaths $5000 to Lenore, gives the residue and remainder of his estate to Margaret and names her executrix. Yet in the sentence upon which Lenore relies he merely recommends to Margaret that anything left at her death be given his daughter. We are not warranted in giving this language the force of a bequest or mandatory direction contained in the other provisions of the will.

We note too that the recommendation to Margaret, like the request to the widow in In re Estate of Welter, supra, 253 Iowa 87, 89, 111 N.W.2d 282, 284, is made to her as a devisee and legatee, not as executrix or trustee.

IV. We have considered the precedents appellant cites. Several of them were cited to us by appellants (a daughter by a previous marriage and her son) in In re Edwards, supra, 231 Iowa 71, 76, 77, 300 N.W. 673, 676, and there held not to be applicable. That is true here. Porter v. Tracey, 179 Iowa 1295, 1300, 162 N.W. 800, and Phelps Mtge. Co. v. Thomas, 194 Iowa 1078, 1080, 190 N.W. 399, are perhaps the principal decisions cited.

Porter v. Tracey holds a temporary restraint of five years on enforced sale and partition of devised real estate is not so repugnant to the estate devised that it must be held void. "Such a provision in a will is not in restraint of alienation in the true sense of the word, for each tenant in common may convey his share at pleasure. Nor does it prevent a beneficial enjoyment of its profits" (page 1300 of 179 Iowa).

The Porter opinion also holds that the fact the provision of the codicil for the five-year suspension of sale and partition is introduced with the words "I desire" does not render it merely precatory. "There is nothing in the context of these words in the

present will which either requires or justifies the construction which appellant places upon them" (page 1303 of 179 Iowa).

The principal question Porter v. Tracey considers is exhaustively discussed in the annotation to Andrews v. Hall, 156 Neb. 817, 58 N.W.2d 201, 42 A. L. R.2d 1239, commencing at 1243. Porter v. Tracey is discussed at 1255 and many other Iowa decisions dealing with the question are cited at 1291. We do not regard the cited case as in point.

In Phelps Mtge. Co. v. Thomas, supra, also cited to us by appellant in In re Estate of Welter, supra, 253 Iowa 87, 90, 111 N.W.2d 282, 285, the will provided "It is my desire and request that as soon as the money can be raised out of my estate * * *" $100 be given to each of three daughters by a previous marriage "And the executrix of this will is hereby directed to provide the money and make the said payments" (page 1080 of 194 Iowa). The executrix (who was the widow) recognized the validity of this provision. We held it amounted to bequests of $100 to each of the three daughters. We find no such direction to the executrix here.

V. We are not to be understood as holding that if the last sentence of Item 5 of this will were not merely advisory it would effectively limit the absolute devise in Item 3 and the absolute bequest in the first sentence of Item 5. Appellant would still be faced with the proposition this last sentence, if so construed, would be void as repugnant to the preceding devise and bequest. See In re Estate of Welter, supra, 253 Iowa 87, 89, 90, 111 N.W. 2d 282, 285, and the many precedents there cited. See also annotation, 17 A. L. R.2d 7, 14 to 17. We need not consider this question of repugnancy further and prefer to rest our decision on the ground the recommendation to the widow is merely advisory.—Affirmed.

All JUSTICES concur except THORNTON, J., not sitting.