UFA BAKER, Appellant, v. NORA M. ELDER et al., Appellees.

No. 43582.

MARCH 16, 1937.

H. K. Evans and Bracewell & Poston, for appellant.

D. L. Murrow and T. W. Miles, for Nora M. Elder, appellee.

STIGER, J.—On April 13, 1917, the testator, John A. Elder, married Nora M. Woolman. This was the second marriage for each of them, Mr. Elder having six children by a former marriage and Mrs Woolman having five children by a former marriage.

Mr. Elder died on March 19, 1934, leaving a last will and testament, the material parts of which are as follows: -

"2. I give, devise and bequeath in lieu of distributive share right of my wife the

South Half of the Northwest Quarter and the North Half of the Southwest Quarter of Section Nine (9), Township Sixty-eight (68), Range Twenty-three (23), to be and become the absolute property of Nora M. Elder, my beloved wife, with the one exception hereinafter stated.

3. I give and bequeath to my wife all my personal property of whatever it may consist or wherever it may be found to be her property absolutely.

4. I further give, devise and bequeath unto my wife Nora M. Elder, the following described real estate (here follows description of 200 acres) during her natural life only. She to have the rents, profits and income from the lands described in this section during her natural life only and at her death the lands described in this 4th. paragraph are to go to and become the absolute property of my children in equal shares. That is share and share alike.

5. It is my will, desire and bequest that the property by this will given absolutely to my beloved wife as well as the property given to her during her natural life shall not at her death or any other period or time be taken or become liable for any debts that may be owing by her daughter or any of her children.''

The plaintiff, a daughter of the decedent, brought this action to construe the will and we are called on to determine whether Nora M. Elder was devised a life estate or a fee simple estate in the property devised by paragraph two of the will.

The plaintiff contends that under paragraph two of the will, Nora M. Elder received a life estate only in the real estate devised therein and that the intestate remainder vested in the children of the testator and prayed that the title to the real estate be quieted in said children subject to the life estate of Nora M. Elder.

The trial court refused to so construe the will and found the will gave Mrs. Elder an absolute title in fee simple to the property described in paragraph two. Plaintiff appealed.

It is the claim of the appellant that the "one exception hereinafter stated" referred to in paragraph two is found in paragraph five and that the two sections must be read together and that under paragraph two as modified by paragraph five, Mrs.

Elder received a life estate only in the real estate and that the remainder interest in said real estate descended as intestate property to the children of the testator.

Paragraph two with the exception appended thereto reads as follows:

"I give, devise and bequeath in lieu of distributive share right of my wife the (here follows description of R. E.) to be and become the absolute property of Nora M. Elder, my beloved wife. It is my will, desire and bequest that the property by this will given absolutely to my beloved wife as well as the property given to her during her natural life shall not at her death or any other period or time be taken or become liable for any debts that may be owing by her daughter or any of her children."

It is to be noted that in paragraph two the testator gave the real estate described therein to his wife to become her "absolute property"; that in paragraph three the testator gave his wife all his personal property to be her "property absolutely"; that in paragraph four he devised certain real estate to his wife "during her natural life"; that in paragraph five he refers to property given his wife "absolutely" and "during her natural life".

The testator had a clear understanding of the difference between an absolute estate and a life estate, and, also, he is presumed to understand the effect of the language used by him in his will. Harvey v. Clayton, 206 Iowa 187, 220 N. W. 25.

Under our decisions, the words "absolute estate" and "fee simple" may be used interchangeably and the use of the words "absolute property" in paragraph two created a fee simple title in the devisee unless the so-called exception, contained in paragraph five, shows a clear intention of the testator to cut down the fee to a devise of only a life estate. Bradford v. Martin, 199 Iowa 250, 201 N. W. 574.

Neither appellant nor appellee claims that the children of Nora M. Elder received any interest in this real estate under the will.

The appellant contends that the children of Nora M. Elder received nothing by the will, which is true, but further contends that the provision in paragraph five that "the property given absolutely to my beloved wife * * * shall not at her death or any other period or time be taken or become liable for any debts that

may be owing by her daughter or any of her children'' shows an aversion to his stepchildren and an intention on the part of the testator to deprive the children of his wife of any possible inter-· est in the real estate, and, to accomplish this purpose, to give his wife only a life estate in the real estate devised by paragraph two, the remainder descending as intestate property to his own children.

We cannot agree with appellant in her construction of the will.

Ordinarily the only property that may be taken or become liable for debts is the property of the debtor. Appellant admits that the children of Nora M. Elder took nothing under the will, and it follows that the only way her children could obtain an interest in the real estate would be from or through their mother. Paragraph five may well be construed to reveal that the testator contemplated that his wife's children might become owners or obtain an interest in the real estate through or from their mother, its provisions being referable to their ownership rather than to her ownership.

It may also be said that if the testator intended his wife to have only a life estate and his own children the remainder in the real estate devised by paragraph two, he would have so provided in the same clear manner that he gave her a life estate and his children the remainder in the property devised in paragraph four instead of devising her the ''absolute property'' in the real estate.

Paragraph five is a vague, obscure and ambiguous statement that permits speculation on the testator's feeling toward his step-children and his purpose and intent in incorporating the paragraph in his will. It may be that he desired his wife to provide a spendthrift trust for her children.

Whether evincing an aversion or concern for his stepchildren the provisions of paragraph five are either precatory or repugnant to the fee and in either event of no effect. Furthermore, the indefinite provisions of paragraph five cannot be permitted to affect the clear, certain devise of the fee in paragraph two.

The testator exhausted the estate in this real estate by devising the fee simple title to his wife and nothing remained that was subject to disposition or control by the testator and any attempt in paragraph five on his part to control the property is repugnant to the fee devised to his wife and void. See, gener-

ally, Bradford v. Martin, 199 Iowa 250, 201 N. W. 574; Alden v. Johnson, 63 Iowa 124, 18 N. W. 696; Bills v. Bills, 80 Iowa 269, 45 N. W. 748, 8 L. R. A. 696, 20 Am. St. Rep. 418; Bellamy v. Bellamy, 184 Iowa 1193, 169 N. W. 621; Phillips v. Phillips, 217 Iowa 374, 251 N. W. 511.

The rule is well settled that the presumption against partial intestacy may be invoked when intention is not clearly expressed. Central Trust Co. v. Langan, 197 Iowa 1202, 198 N. W. 652.

The words used by the testator clearly show an intention to dispose of all of his property by will.

We conclude that paragraph five does not limit or modify the fee simple title devised to Nora M. Elder by paragraph two and the judgment and decree appealed from is affirmed.—Affirmed.

RICHARDS, C. J., and SAGER, DONEGAN, ANDERSON, KINTZINGER, MITCHELL, PARSONS, and HAMILTON, JJ., concur.