In the Matter of the **ESTATE OF Frances WAGNER, Deceased.**

**Frank Albert WAGNER and Verna Jaeggi, Appellants,**

v.

**Sharon K. WILLIAMS, Executor of the Estate of Frances Wagner, Appellee.**

No. 92–762.

Court of Appeals of Iowa.

Sept. 2, 1993.

Edward N. Wehr and John R. Newman of Wehr, Berger, Lane & Stevens, Davenport, for appellants.

James G. Sothmann and Harold J. De-Lange, II, Davenport, for appellee.

HAYDEN, Judge.

On December 3, 1986, Frances Wagner died from injuries suffered in an accident. As a result, the estate of Frances Wagner pursued a wrongful death claim, which resulted in a net recovery of $30,307.36. Frances died testate, and her will was admitted into probate on December 15, 1986. The

executor's final report was filed on December 31, 1986. The executor concluded the wrongful death proceeds should be distributed to the residuary legatee, Marguerite Williams. Frank Wagner and Verna Jaeggi, heirs at law of Frances's, filed objections to the final report. They objected to being excluded from the distribution of the wrongful death proceeds.

The distribution of the wrongful death proceeds is the issue on appeal. We must determine whether article II, section "g" of Frances's will is a residuary clause. The estate contends section "g" is a residuary clause bequeathing the wrongful death proceeds to Marguerite and Roy Williams. Frank and Verna claim the will did not contain a residuary clause. They argue the wrongful death proceeds should pass by partial intestacy.

In article I of her will Frances provided for her executor to pay all just debts and funeral expenses. The preamble to article II of Frances's will provides: "After the payment of all such debts and funeral expenses, the *remainder* of my property shall pass as follows." (Emphasis added.) Under article II of her will, Frances then made several specific bequests. Sections "a" through "f" of the will provide for several specific bequests to named individuals, including bequests of $1000 and $500 to objectors, Frank Wagner and Verna Jaeggi respectively. Section "g" provides:

> To Marguerite Williams and Roy Williams, I give, devise and bequeath my real property ... with the contents therein, including all personal items, as well as any money left in the bank, to be theirs absolutely and in fee simple, share and share alike....

Roy Williams predeceased Frances.

The district court determined section "g" is a residuary clause. The court stated the wrongful death proceeds pass to the beneficiary named in section "g," which was Marguerite. The objectors have filed this appeal.

■ The proceeding on objections to an estate's final report was heard and determined in equity. This action involves the interpretation of a will. Our standard of review is de novo. Iowa Code § 633.33

(1993); *In re Roehlke's Estate,* 231 N.W.2d 26, 27 (Iowa 1975); *Houts v. Jameson,* 201 N.W.2d 466, 468 (Iowa 1972) (citation omitted).

The Iowa probate laws are codified in chapter 633 of the code. Iowa Code ch. 633 (1993). Iowa Code section 633.336, which addresses wrongful death proceeds, provides:

> When a wrongful act produces death, damages recovered therefor shall be disposed of as personal property belonging to the estate of the deceased, however, if the damages include damages for loss of services and support of a deceased spouse and parent, such damages shall be apportioned by the court among the surviving spouse and children of the decedent in such manner as the court may deem equitable consistent with the loss of services and support sustained by the surviving spouse and children respectively. If the decedent leaves a spouse, child or parent, damages for wrongful death shall not be subject to debts and charges of the decedent's estate.

Iowa Code § 633.336 (Iowa 1987), *amended by* 1989 Iowa Acts ch. 111, § 2 (emphasis added). Frances was not survived by a parent, husband, or child, and the damages were not sought for any loss of services. It appears the intent of the legislature was, if the damages recovered were not for loss of services of a deceased spouse or parent, then the damages would be distributed as personal property of the estate. The legislature could have provided for a specific distribution of such damages and precluded distribution under a residuary clause; however, the legislature did not impose such a limitation. For example, New York statutes provide wrongful death damages are exclusively for the benefit of decedent's distributees, which are defined as persons entitled to take or share in the property of a decedent under statutes governing descent and distribution. N.Y.Est.Powers & Trusts Law §§ 5–4.4, 1–2.5 (McKinney 1981). We determine the wrongful death proceeds involved in the instant case are an asset of Frances's estate.

The next step is to determine whether the wrongful death proceeds should be distributed by a residuary clause or partial intestacy. If section "g" is a residuary clause, the

wrongful death proceeds pass to Marguerite. If section "g" is not a residuary clause, the remainder will descend as intestate property to heirs of the testator. *Schau v. Cecil*, 257 Iowa 1296, 1301, 136 N.W.2d 515, 519 (1965) (citations omitted); *In re Estate of Ramthun*, 249 Iowa 790, 800–01, 89 N.W.2d 337, 343 (1958).

The focus of our analysis is the intent of the testator. *In re Trust of Killian*, 459 N.W.2d 497, 499 (Iowa 1990); *see In re Estate of Rogers*, 473 N.W.2d 36, 39 (Iowa 1991). Frances's intent is to be determined from the language of the will, the scheme of distribution, and the facts and circumstances surrounding the will's execution. *Killian*, 459 N.W.2d at 499. Our courts have adopted the well-established doctrine of gift by implication:

> When a testator's will clearly reveals a general plan or intention as to the disposition of [her] property, and a situation arises that is not within the express language of the will, such general plan may be regarded as existing but incompletely expressed, and the failure to provide for the situation inadvertent rather than intentional, and a gift may be implied for the purpose of the general plan.

*In re Estate of Fawcett*, 370 N.W.2d 837, 838 (Iowa App.1985) (quoting *Davis v. Davis*, 24 Ohio Misc. 17, 258 N.E.2d 277, 282 (1970)); *Russell v. Johnston*, 327 N.W.2d 226, 230 (Iowa 1982); *Porter v. Porter*, 286 N.W.2d 649, 654 (Iowa 1979). As did the district court, we conclude the doctrine applies in the instant case.

Frances's will reflects a plan of disposition. The will disposed of all of Frances's property at the time it was executed in 1978. All of the bequests made by Frances are contained in article II, sections "a" through "g" of her will. The preamble to article II provided the remainder of Frances's assets were to be distributed under the subsequent sections. Section "g" is the only section of Frances's will that can be interpreted as a residuary clause because sections "a" through "f" contain bequests of a specific item or amount of money.

There is a presumption a testator intends to dispose of her entire estate.

*Bankers Trust Co. v. Allen*, 257 Iowa 938, 947, 135 N.W.2d 607, 612 (1965). Our courts seek to avoid partial intestacy if possible. *In re Spencer's Estate*, 232 N.W.2d 491, 498 (Iowa 1975) (citations omitted). This presumption against intestacy is particularly strong where the subject of the gift is a residuary estate. *Hollenbeck v. Gray*, 185 N.W.2d 767, 769 (Iowa 1971); *Moore v. McKinley*, 246 Iowa 734, 757, 69 N.W.2d 73, 87 (1955) (citation omitted).

The term "remainder" of estate is usually understood to mean part of estate left after all provisions of the will have been satisfied. *In re Richter's Will*, 212 Iowa 38, 44, 234 N.W. 285, 288 (1931). The purpose of a residuary clause is to make a complete disposition of testator's estate, so no part may be left to pass as intestate property. *Bankers Trust Co.*, 257 Iowa at 946, 135 N.W.2d at 612 (citations omitted). The presumption against partial intestacy may be invoked when intention is not clearly expressed. *Baker v. Elder*, 223 Iowa 395, 399, 272 N.W. 153, 155 (1937) (citation omitted). The words used by Frances in her will, however, clearly show her intent to dispose of all of her property by will. Frances provided the bequests under article II were to dispose of the remainder of her property. Frances's will provided the remainder of her assets, including "any money left in the bank," were disposed under article II, section "g." This section of the will, in addition to the preamble of article II, make it evident her intent was to dispose of all the remainder of her property by way of the bequests under article II. The will clearly indicates Frances intended a very specific plan of distribution regarding Frank and Verna. She made bequests of one specific amount of money to each beneficiary. These bequests of the will show Frances's intent to limit the bequests to Frank and Verna.

We find section "g" of Frances's will is a residuary clause. As a result the wrongful death proceeds should be distributed to the beneficiaries designated in this section. The proceeds shall not pass intestate. We affirm the decision of the district court.

Costs of this appeal are taxed one-half to Frank Wagner and one-half to Verna Jaeggi.

**AFFIRMED.**

All Judges concur except SACKETT, J., who dissents.

SACKETT, Judge (dissenting).

I disagree with the majority that the will of Frances Wagner disposed of a recovery for her wrongful death. I find there was no provision in Frances' will for the distribution of a wrongful death claim.

The trial court correctly summarized the facts and the issue:

> [Frances'] will was executed on November 3rd, 1978. She died on December 3rd, 1986. From the events leading to her death a wrongful death action was pursued on behalf of the Estate. A trial was conducted. After paying attorney fees and costs, a net deposit was made in the Estate's account for the sum of $30,307.36. It is this amount which is in dispute. The Estate claims that paragraph II(g) is a "residuary" clause, bequeathing the wrongful death receipts to Marguerite and Roy Williams. The Objectors claim that there is no residuary clause and that a fair reading of the will would lead to the conclusion that Testator died partially intestate as far as the proceeds from the wrongful death action are concerned.

The trial court found paragraph II to dispose of the residuary of Frances' estate. Paragraph II provided as follows:

> After the payment of all such debts and funeral expenses, the remainder of my property shall pass as follows:
>
> a. To SHARON K. WILLIAMS, I give, devise and bequeath my Diamond Ring to be hers absolutely and in fee simple.
>
> b. To PATRICIA TAYLOR, I give, devise and bequeath my Cameo Watch to be hers absolutely and in fee simple.
>
> c. To SHARON K. WILLIAMS and PATRICIA TAYLOR, I give, devise and bequeath all my stocks and certificates to be theirs absolutely and in fee simple, share and share alike.

> d. To FRANK ALBERT WAGNER, I give, devise and bequeath the sum of $1,000.00 to be his absolutely and in fee simple.
>
> e. To VERNA JAEGGI, I give, devise and bequeath the sum of $500.00 to be hers absolutely and in fee simple.
>
> f. To RENE ENFIELD, FRANK ALLEN WAGNER, JEFF WAGNER, CHRISTINA WAGNER, MILLISA WAGNER and MICHELLE WAGNER, I give, devise and bequeath the sum of $1.00 to each to be theirs absolutely and in fee simple.
>
> g. To MARGUERITE WILLIAMS and ROY WILLIAMS, I give, devise and bequeath my real property located at 1035 West 6th Street, Davenport, Iowa and legally described as the West 49 feet of the North 90 feet of Lot 14, Mitchell's Addition to the Town (now City) of Davenport, Iowa, with the contents *therein including all personal items, as well as any money left in the bank, to be theirs absolutely and in fee simple, share and share alike.*

> Should they predecease me or in case of common catastrophe, it is then my desire that said *bequest* be given to Sharon K. Williams and Patricia Taylor to be theirs absolutely and in fee simple, share and share alike. (Emphasis supplied.)

When Frances made her will, she had no reason to know a wrongful death claim would have been an asset of her estate. In her will, the items she contemplated having were specifically given.

Where the testator, intentionally or otherwise, has failed to provide in his or her will for the disposition of all of his or her property ... or has failed to provide for a contingency which has actually occurred, such as a lapse of a legacy or devise ... the court cannot place a construction on the will not warranted by its language, but the testator must be held to have died intestate as to such property. *Bankers Trust Co. v. Allen,* 257 Iowa 938, 946, 135 N.W.2d 607, 612 (1965).

The presumption that testator intends to dispose of the entire estate does not permit courts to rewrite into the will a provision

omitted therefrom, and the presumption is of no greater force than the rule that heirs are not to be disinherited except by express words or necessary implication. *Bankers Trust,* 257 Iowa at 947, 135 N.W.2d at 612.

There is no clear provision made for any residuary. Furthermore, the following language of the will causes me to disagree with the majority that the language can be construed to include a residuary clause.

1. In the will, personal *items* are *included* in contents of house. Thus excluding by terms of will personal items not in house.

2. The words "personal items" rather than "personal property" is used.

3. The will uses the language money left in bank is given, *as well as* other personal items. Thus showing money in bank was not considered a "personal item" by the decedent negating the contention by the use of the words "personal items" she included residuary.

Frances Wagner did not by clear language, dispose of the wrongful death proceeds received by the estate. The will has no residuary clause and no class of property described in the will would include wrongful death proceeds that might be collected by the estate after decedent's death.

I would reverse.