In the Matter of the ESTATE OF
Florence M. McDOWELL,
Deceased,

Evelyn Wanders, Trustee of the
Florence M. McDowell Trust,
Intervenor–Appellant.

No. 09–0534.

Court of Appeals of Iowa.

March 10, 2010.

James C. Ellefson of Moore, McKibben,
Goodman, Lorenz & Ellefson, L.L.P., Mar-
shalltown, for appellant.

Greg A. Life of Life Law Office, Oska-
loosa, for appellees.

Hugh V. Faulkner of McCoy, Faulkner
& Broerman, Oskaloosa, for appellees.

Heard by SACKETT, C.J., and DOYLE
and DANILSON, JJ.

DOYLE, J.

Evelyn Wanders, trustee of the Florence
M. McDowell Trust (Trust), appeals from
an order of the district court granting the
co-executors of the Estate of Florence M.
McDowell authority to sell an eighty-acre
farm owned by decedent at the time of her

death. We conclude the farm should be distributed to the Trust under the pour-over provision of decedent's will, and therefore reverse the ruling of the district court.

## I. Background Facts and Proceedings.

The decedent, Florence M. McDowell, died a resident of Poweshiek County, Iowa, on June 1, 2006. She had been a resident of Cottage Grove, Oregon, prior to returning to Iowa in 2000. She was survived by three daughters: Evelyn Wanders of Montezuma, Iowa; Mary Lee Seals of Cottage Grove, Oregon; and Martha Ann Rourke of Vancouver, Washington. At the time of her death, Florence owned an eighty-acre Poweshiek County farm. The farm was not Florence's homestead.

A "Revocable Living Trust Agreement" was executed by Florence on May 22, 1990, establishing the Trust. Article II of the Trust agreement states, in part, "I have transferred and delivered to Trustee the property described on Schedule 'A.'" Schedule "A," attached to the Trust agreement, lists certain property and includes a legal description of the farm. Assets were transferred to the Trust during Florence's life; inexplicably, however, the farm was not conveyed to the Trust, and title was held by Florence at the time of her death.[1]

The Trust agreement was amended several times during Florence's lifetime. A 1999 amendment names "Florence ... Evelyn as Co–Trustees." The Trust provides that upon Florence's death certain trust assets be distributed to specific persons and that the remaining Trust estate be distributed in equal shares to Florence's daughters, Martha, Evelyn, and Mary. The Trust also directs the trustee to pay, upon Florence's death, certain obligations including expenses of last illness, funeral, and final interment, costs and expenses to administer and settle the estate, and death taxes.

On the same day the Trust was created, Florence executed a will with a pour-over provision that devised the residue of her estate to the trustees of the Trust. The will names Martha and Mary as personal representatives of the estate. The will also directs the personal representatives to pay from the estate all expenses of Florence's last illness, funerals, and final interment, and expenses for administration of the estate.

The will was admitted to probate in August 2007, and Martha and Mary were issued letters of appointment as co-executors of the estate. The farm was listed on probate inventory schedule A, "Real Estate." In February 2009, the co-executors filed a petition for authority to sell the farm pursuant to Iowa Code section 633.386 (2007). Evelyn, as trustee of the Trust, filed a resistance asserting it was not in the best interests of the estate to sell the farm. She requested that the court deny the co-executors' request to sell the farm and requested an order that the co-executors distribute all the assets of the estate pursuant to the will. In their brief and argument filed in the district court, the co-executors stated:

> In the present case, the three daughters of the decedent are all up in years and the two daughters who are Co–Executors of the estate live on the West coast. The fact this is an eighty-acre parcel of real estate, which, with each of them owning a one-third interest, will not produce sufficient income for any of them to make it worthwhile to retain same. It seems obvious that the prac-

1. The assets existing in the Trust at the time of Florence's death were listed on probate inventory schedule G, "Transfers During Decedent's Life."

tical thing to do is sell said real estate in the estate to make distribution and in the best interests of the estate.

If this real estate is not sold and if it passes into the revocable trust of the decedent, it is important for the Court to know that Evelyn Wanders will be managing same as· Trustee and it is also important for the Court to know that her son, Kenneth Wanders, desires to purchase the real estate, which would not be in the best interests of Mary Lee Seals and Martha Ann Rourke.

Evelyn does not take issue with the facts set forth in the co-executors' brief.

A hearing was held on the matter. In its March 2, 2009 ruling, the court found the co-executors met their burden of proof under Iowa Code section 633.386(1)(c) and concluded "that it would be in the best interests of the estate for the real estate in question to be sold." The court ordered the farm to be sold at public auction no later than sixty days from the date of the order. Evelyn, as trustee, filed a motion pursuant to Iowa Rule of Civil Procedure 1.904(2) requesting the court to reconsider its decision, or, in the alternative, enter findings of fact and conclusions of law that set forth more fully the rationale for the court's decision. On March 16, 2009, the court entered its ruling and order adding the following language to its previous ruling:

The co-executors and the trustee do not and cannot get along with one another. One co-executor resides in the state of Washington and the other co-executor resides in the state of Oregon. It is impracticable to oversee an 80–acre farm in the state of Iowa. Accordingly, it

is in the best interests of the estate for the property to be sold.·

Evelyn, as trustee of the Trust, appeals.

## II. Scope and Standards of Review.

The parties agree on our standard of review. Iowa Code section 633.33 provides, with certain exceptions, matters triable in probate shall be tried in equity. Consequently, our review is review de novo. Iowa R.App. P. 6.907. We give weight to the district court's findings of fact, but are not bound by them. Iowa R. App. P. 904(3)(*g* ).

## III. Discussion.

■ Florence's 1990 will, drafted and executed in the State of Oregon, contains a pour-over provision. A pour-over provision devises part of testator's estate to an already existing inter vivos trust without repeating the terms of the trust in the will. 79 Am. Jur. 2d *Wills* § 196, at 403 (2002). Such a provision is authorized under Iowa and Oregon statutes,[2] both adapted from the Uniform Testamentary Additions to Trusts Act (1960) ("UTATA"). *See* UTATA, 8B U.L.A. 367 (2001).

■ The will devises "all the rest, residue and remainder" of Florence's estate to the Trust. The farm, not having been specifically bequeathed, is therefore a part of the "rest, residue and remainder" of Florence's estate. *See In re Estate of Wagner,* 507 N.W.2d 711, 714 (Iowa Ct. App.1993). Evelyn argues the co-executors' "sole duty with respect to the farm ground is to turn it over to the trust." Under the circumstances, we agree.

To be sure, a decedent's property is subject to possession by the decedent's personal representative during probate

---

**2.** *See* Iowa Code § 633.275 (adopted effective 1964); Or.Rev.Stat. § 112.265 (adopted effec- tive 1970).

proceedings for purposes of administration, sale, or other disposition under provisions of law. Iowa Code § 633.350; *De-Long v. Scott*, 217 N.W.2d 635, 637 (Iowa 1974). And as a part of the administration of the estate, a decedent's property may be sold for certain purposes. Iowa Code § 633.386. It is undisputed that sale of the farm was not necessary for the payment of debts and charges against the estate or for payment of costs of the administration of the estate. The parties agree that the only legal authority for selling the farm in question is found under section 633.386(1)(c), which provides that any property belonging to the decedent, except exempt personal property and the homestead, may be sold by the personal representative of the estate for "[a]ny other purpose in the best interests of the estate." Although this section provides legal authority for a personal representative to sell estate property under certain circumstances, for the reasons set forth below, it is inapplicable to the case before us.

■ Before determining whether it is in the best interests of the estate to sell the farm under section 633.386, we must necessarily answer the antecedent question of whether the co-executors have a duty under the pour-over provision of the will to distribute the farm to the Trust. For if the co-executors have a duty to distribute the farm to the Trust, the question of whether it is "in the best interests of the estate" to sell the farm is moot.

Iowa Code section 633.275 states in part:

Unless the testator's will provides otherwise, the property so devised or bequeathed [to the trust] shall not be deemed to be held under a testamentary trust for the testator, *but shall become a part of the trust to which it is given* and *shall be administered and disposed of in*

*accordance with the instrument* or will *setting forth the terms of the trust....* (Emphasis added.) The word "shall" imposes a duty. Iowa Code § 4.4(30)(a). It therefore seems clear, under the statute, that the farm "shall" become a part of the Trust.

Comments from various treatises confirm this conclusion. Concerning a pour-over provision leaving the estate's residue to a living trust, "it is held that the residue is added to the property of the living trust." George Gleason Bogert & George Taylor Bogert, *Handbook of the Law of Trusts* § 22, at 60 (West 5th ed. 1973). Additionally:

Under [the] UTATA, unless the will provides otherwise, the bequest does not constitute a testamentary trust but is instead part of the trust to which it passes, and the trustee is to administer and dispose of it in accordance with the provisions of the trust instrument....

1 Austin W. Scott et al., *Scott and Ascher on Trusts* § 7.1.3, at 352 (Aspen 5th ed. 2006). Further:

Under the [UTATA,] the property is to be administered pursuant to the living trust ... unless the testator provides that it is to be administered under a separate testamentary trust in his will. For this reason there will be no supervision of the administration of the trust by the probate court supervising administration of the testator's estate.

George Gleason Bogert & George Taylor Bogert, *The Law of Trusts and Trustees* § 107, at 302 (West 2d ed. rev. 1984). The Commissioners' Prefatory Note to the UTATA also provides some guidance, explaining, in part, "[t]he pour-over trust has the further advantage that a large part of the estate thus transferred to a trust *is not thereafter involved in the probate proceedings*." UTATA, 8B U.L.A. at 368 (emphasis added). Some advantages to a

pour-over provision include that it (1) permits unified administration of the trust and probate properties, (2) avoids the continued necessity for court supervision and for accounting required of a testamentary trustee, (3) allows a greater flexibility in the disposition of the property, and (4) takes the property thus transferred out of the probate proceedings. William A. Wells, Note, *Trusts—Pour–Over from a Will to a Inter Vivos Trust,* 8 Washburn L.J. 81, 81 (1968). Thus, a pour-over provision envisions the pouring over of the residuary to a trust, not its retention by the estate's personal representative with disposal at his or her discretion.

■ Additionally and more importantly, distribution of the farm to the Trust is consistent with the decedent's intent. Article IV of the will is clear and unequivocal. The residue of Florence's estate was devised to the Trust "to be added to and become a part and be administered and disposed of in accordance with the terms ... of [the] trust." Further, the article provides that if for any reason the distribution of the residue is ineffective, then the residue is to be given to the trustee to be held in a testamentary trust "in accordance with the terms ... of the trust described above." Although this is not a will construction case, we are mindful of the well-settled law that the testator's intent is the polestar and if expressed must prevail. *In re Estate of Lamp,* 172 N.W.2d 254, 257 (Iowa 1969). The will is not ambiguous or conflicting, nor is the testator's intent uncertain. There can be no doubt that Florence's intent was to have the residue of her estate (including the farm) distributed to the Trust and administered and distributed according to the terms of the Trust.

■ So, barring any legal requirement mandating retention of the residuary in the estate, and none is presented here, the farm should be distributed to the Trust.[3] Once the farm is distributed to the Trust, the co-executors lose the authority to sell or administer the asset.

There is a dearth of law on the issue presented, but the parties direct us to the case of *In re Scheib Trust,* 457 N.W.2d 4 (Iowa Ct.App.1990). In *In re Scheib Trust,* Earl and Hattie Scheib created an inter vivos trust in 1975 giving the trustees the power to sell after the trustors' deaths the two tracts of farmland which formed the basis for the trust, but only if each of the Scheibs' surviving children consented. *Scheib Trust,* 457 N.W.2d at 5–6. Hattie died in 1981, and her will devised all her real estate, except her home, to two sons as trustees. *Id.* at 6. Her will was silent as to any power to sell any of the farmland. *Id.* Earl died in 1986, and his will was almost identical to Hattie's in regard to the creation of a trust, but it did provide that the trustees could sell real estate if all his surviving children consented. *Id.* All but one of the Scheib children consented to sale of the farmland. *Id.* Since one child did not consent to the sale of the farmland, this court concluded the sales of the farm property in the Scheib Trust were invalid and must be considered invalid. *Id.* at 9.

Turning to the farmland that stemmed from Hattie's and Earl's estates, the court noted the applications to sell the real estate were made by the personal representatives as executors. *Id.* at 9. There was no indication that the trusts under the Scheib wills were ever activated. *Id.*

On this court's review, we concluded:

---

**3.** By our ruling we do not mean to suggest there can be no circumstances that may permit the sale of property for the best interests of the estate notwithstanding the testator's intent that the property be devised to a trust.

The trial court, after considering the merits of the objectors' objection, concluded that it was in the best interest of the estate that the farm land in question be sold. Although our review is de novo, we see no reason to disturb the finding. *Id.* at 10. Further, this court reviewed the proceedings concerning the sale of the land and saw no reason to set aside those sales. *Id.* Accordingly, the court affirmed the trial court on the issue and approved the sale of the farmland from the estates of Earl and Hattie. *Id.*

*In re Scheib Trust* is distinguishable from the case at hand. The farmland that stemmed from Hattie's and Earl's estates was subject to testamentary trusts under Hattie's and Earl's wills. Those trusts had never been "activated,". i.e., they had never been funded. *Id.* at 9. The farmland was not the subject of a pour-over provision devising the land to an inter vivos trust. Therefore, no question was raised or addressed as to an executor's duty to distribute residuary under a pour-over provision to an inter vivos trust. *In re Scheib* concerns the application of Iowa Code section 633.386(1)(c) and provides no authority for the co-executors to sell the farm, as we have held this section is inapplicable to the circumstances presented here. In any case, the potential difficulties in administering the trust due to the beneficiaries' places of residence and personal conflict have little bearing in determining the best interests of the estate under section 633.386(1)(c).

## IV. Conclusion.

The residuary of Florence's estate should be distributed to the Trust. The district court erred in authorizing the co-executors to sell the farm. Accordingly, we reverse the district court's ruling, and we remand for further proceedings consistent with this opinion.

**REVERSED AND REMANDED.**